# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  vs.     Plaintiff,<br><br>JUAN JIMENEZ-GONZALEZ,<br><br>     Defendant. | CASE NO. 06-CR-1218 JM<br>CIVIL NO.  07-CV-0974 JM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

Pursuant to a plea agreement, on June 30, 2006, Defendant Juan Jimenez-Gonzalez ("Defendant"), a non U.S. citizen, pleaded guilty to possession of 510 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1). Defendant was sentenced to 30 months custody followed by three years supervised release. Defendant now files a motion for reduction of sentence pursuant to 28 U.S.C. § 2255 ("Motion"), in which he contends that his rights to due process and equal protection of the laws have been violated because, as an alien with an immigration detainer lodged against him, he is ineligible to participate in certain Bureau of Prisons ("BOP") programs.

The Motion is denied for two reasons. First, in the plea agreement defendant specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guidelines range recommended by the government. This waiver provision is enforceable to bar Defendant from seeking collateral relief. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). Second, Defendant's exclusion from certain BOP programs as a consequence of his immigration

1  status, does not violate due process or equal protection.  See McLean v. Crabtree, 173 F.3d 1176 (9th
2  Cir. 1999).  In McLean, the plaintiffs claimed that the BOP violated their constitutional rights when
3  it denied their requests for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) on the basis of
4  the Immigration and Naturalization Service detainers lodged against each of them.  The Ninth Circuit
5  noted that the exclusion of inmates with detainers, which is found at 28 C.F.R. § 550.58 (1997), is
6  based on the "BOP's conclusion that custodial considerations preclude prisoners with detainers from
7  participating in a community-based treatment program." Id. at 1184 (citing 61 Fed.Reg. 25121).  "The
8  BOP reasoned that prisoners with detainers pose a flight risk during the community-based treatment
9  phase because they are subject to possible deportation upon release from custody, and therefore have
10 reason to flee a halfway house." Id.  The Ninth Circuit concluded that the BOP's reasoning was
11 "rationally-based" and concluded that "the detainer exclusion is a valid exercise of the BOP's
12 authority under the statute." Id.

13      The court then turned to the plaintiff's equal protection argument.  The court noted that the
14 plaintiff "'must first show that the statute, either on its face or in the manner of its enforcement, results
15 in members of a certain group being treated differently from other persons based on membership in
16 that group.'" Id. at 1185 (quoting United States v. Lopez-Flores, 63 F.3d 1468, 1472 (9th Cir. 1995)).
17 "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze
18 under the appropriate level of scrutiny whether the distinction made between the groups is justified."
19 McLean, 173 F.3d at 1185 (quoting Lopez-Flores, 63 F.3d at 1472).  The court concluded that the
20 plaintiffs had merely demonstrated that "the statute results in prisoners with detainers being treated
21 differently from prisoners without detainers." McLean, 185 F.3d at 1186.  The court explained that
22 prisoners with detainers are not a suspect class and therefore applied a rational basis test.  The court
23 concluded that excluding prisoners with detainers from participating in the community-based
24 treatment was a reasonable means of eliminating the risk of flight and therefore found the detainer
25 exception survived constitutional scrutiny.
26 / / /
27 / / /
28 / / /

1       In sum, the motion to reduce Defendant's sentence is denied. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: June 8, 2007

                                                  Hon. Jeffrey T. Miller
                                                United States District Judge

cc: All Parties